**Billy J. CAMPBELL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1373.**

United States Court of Veterans Appeals.

April 29, 1993.

Billy J. Campbell, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Billy J. Campbell, appeals a Board of Veterans' Appeals (BVA or Board) decision which denied appellant recognition as a "child" of the veteran under 38 U.S.C.A. § 101(4)(A) (West 1991) on the basis of permanent incapacity for self-support before reaching the age of 18.

Appellant is the son of Joe E. Talton, the veteran. The veteran died from pulmonary edema on October 31, 1969, while serving on active duty. Appellant's eighteenth birthday was on November 17, 1984. In 1982, appellant was involved in an automobile accident, which he claims left him permanently incapable of self-support. Appellant avers that he experienced "arthritis in right arm, bad heart, chest pain, bad back pain upper-middle-lower part of back. Daily headache, and arthritis in right leg." On May 6, 1987, appellant filed a claim for entitlement to benefits pursuant to 38 U.S.C.A. § 101(4)(A). In November 1987, appellant received a physical examination at the Allen Park, Michigan, Veterans' Administration (now the Department of Veterans Affairs) (VA) Medical Center. The examiner found no evidence of any abnormalities, except for a scar in the low back area. On December 8, 1987, the VA Regional Office (RO) denied appellant's claim. The VARO determined that appellant had not submitted any evidence indicating he was incapable of permanent support. This rating decision was confirmed in May 1989.

In May 1990, the BVA concluded that there was no evidence substantiating appellant's claim of permanent incapacity prior to his eighteenth birthday, and his claim was, therefore, denied. Appellant filed a Notice of Appeal with the Court. In response to appellant's informal brief, the Secretary of Veterans Affairs (Secretary) filed a motion for summary remand for the Board to provide sufficient "reasons or bases" for its decision. Appellant did not respond to the Secretary's motion, and on May 20, 1991, the Court issued an order granting the Secretary's motion, 1 Vet. App. 388. On July 17, 1991, the Board concluded that there were no clinical findings of any disabilities and that appellant had altered invoices of medical treatment. On August 8, 1991, appellant filed a timely Notice of Appeal.

The Board's determination not to recognize appellant as a "child" of the veteran under 38 U.S.C.A. § 101(4)(A) is a finding of fact which must be reviewed by the Court under the clearly erroneous standard. *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); *see* 38 U.S.C.A. § 7261(a)(4) (West 1991). "[U]nder the 'clearly erroneous' rule, this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 53. After a complete and thorough examination of the BVA's factual findings, the Court finds a plausible basis for the Board's decision. Furthermore, the BVA has provided sufficient "reasons or bases" for its decision. *See Gilbert, su-*

 

*pra,* at 56–57; 38 U.S.C.A. § 7104(d)(1) (West 1991).

The decision of the Board is AFFIRMED.